CITY OF CHARLOTTE, NORTH CAROLINA, PLAINTIFF v. PATRICIA E. KING, DEFENDANT

No. COA02-1218

(Filed 3 June 2003)

**Cities and Towns— substandard dwelling—imposition of civil penalties for noncompliance**

The trial court erred by concluding that the City of Charlotte improperly imposed a fine under Section 11-35(b) of the Charlotte Housing Code on a non-occupant owner of a substandard dwelling for her failure to comply with an order under the code to either repair or demolish the dwelling that she owned on or before 22 December 1996, and the case is remanded for a hearing to determine whether the penalty was properly imposed because: (1) the pertinent code allows the city to impose civil penalties for noncompliance of its orders without regard to whether the dwelling is occupied; and (2) the trial court focused upon whether the substandard dwelling was occupied in rendering its judgment and did not make any findings or conclusions regarding the penalty.

Appeal by plaintiff from judgment entered 7 May 2002 by Judge Nancy Black Norelli, District Court, Mecklenburg County. Heard in the Court of Appeals 13 May 2003.

*Helms, Henderson & Associates, P.A., by Christian R. Troy, for plaintiff-appellant.*

*William D. McNaull, Jr. for defendant-appellee.*

WYNN, Judge.

Under Section 11-35(b) of the Charlotte Housing Code, the City of Charlotte may fine an owner of a substandard dwelling who fails to comply with an order of the code enforcement official to repair or demolish the dwelling. In this case, the trial court concluded that the City of Charlotte improperly imposed a fine on Patricia E. King (a non-occupant owner of a substandard dwelling) because "the penalty imposed by Section 11-35(b) of the Code applies only to dwellings which are occupied by a non-owner." Because Section 11-35(b) allows the city to impose civil penalties for noncompliance of its orders without regard to whether the dwelling is occupied, we reverse the trial court's order and remand for further proceedings.

Briefly stated, Ms. King failed to comply with an order under Section 11-35(b) to either repair or demolish a dwelling that she owned on or before 22 December 1996. Ms. King did not use this unoccupied house as her principal residence. Apparently, the City of Charlotte granted Ms. King several extensions leading to a completion of the repairs on 17 June 1998. Nonetheless, the City of Charlotte imposed a civil penalty of $5500 which represented a fine for each day of delay from the date of the initial order until the repairs were completed. Thereafter, the City of Charlotte brought an action to recover the penalty. After the trial court found in Ms. King's favor, the City of Charlotte appealed contending that the trial court erroneously concluded "the penalty imposed by Section 11-35(b) of the Code [of the City of Charlotte] applies only to dwellings which are occupied by a non-owner." Upon our *de novo* review of this matter, we agree with the City of Charlotte. *Overton v. Camden County*, 155 N.C. App. 391, 574 S.E.2d 157, 160 (2002) (stating the proper interpretation of an ordinance is a question of law requiring de novo review).

Under Section 11-35(b) of the Charlotte Housing Code:

Any owner of a dwelling, except an owner who occupies the dwelling as his principal place of residence, who fails to comply with an order of the code enforcement official to repair, alter or improve the dwelling or to vacate and close and remove or demolish the dwelling, within the time specified in the order, shall be subject to a civil penalty in the amount of one hundred dollars ($100.00) for the first day of noncompliance and ten dollars ($10.00) for each day thereafter until the dwelling is brought into compliance with the order. The civil penalty may be recovered by the city in a civil action in the nature of debt if the owner does not

pay the same within thirty (30) days after the initial day of noncompliance.

As Ms. King concedes, the only reference to occupancy in Section 11-35(b) is the civil penalty exemption for an owner who occupies the substandard dwelling as his principal residence. Nonetheless, Ms. King argues that Section 11-35(b) must be read in conjunction with Section 11-35(a) which provides,

> it shall be unlawful for the owner of any dwelling or dwelling unit, with respect to which an order has been issued pursuant to section 11-28(b) of this chapter to occupy or permit the occupancy of the same.

She contends that Sections 11-35(a) which prohibits the occupancy of a substandard dwelling conflicts with Section 11-35(b) which exempts the owner of a substandard dwelling who occupies the same as a principal residence from civil penalties. Thus, she argues that since the "no occupancy" provision of Section 11-35(a) is the more stringent requirement, the trial court properly resolved this conflict under Section 11-34 which states:

> In the event any provision, standard or requirement of this chapter is found to be in conflict with any provision of any other ordinance or code of the city, the provision which establishes the higher standard or more stringent requirement for the promotion and protection of the health and safety of the residents of the city shall prevail.

We find Ms. King's argument to be without merit. Section 11-35(b) allows the city to impose civil penalties for noncompliance with it orders. It does not establish a standard related to the promotion and protection of the health and safety of the residents of the city.

"The rules applicable to statutes apply equally to the construction and interpretation of municipal ordinances." *Woodhouse v. Board of Comm'rs,* 299 N.C. 211, 225, 261 S.E.2d 882, 891 (1980). "The principal goal of statutory construction is to accomplish the legislative intent. The intent . . . may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish. If the language of a statute is clear, the court must implement the statute according to the plain meaning of its terms so long as it is reasonable to do so." *Lenox, Inc. v. Tolson,* 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001).

In this case, the clear and unambiguous language of Section 11-35(b) states that only the "owner who occupies the dwelling as his principal place of residence" is exempt from the civil penalty. Accordingly, we hold that the trial court erroneously interpreted the ordinance.

We note that Ms. King contends that the City of Charlotte tacitly and expressly waived the imposition of civil penalties. Moreover, she argues that there was sufficient evidence for the trial court to conclude that she did not "fail, neglect, or refuse to repair" the premises. However, because the record indicates the trial court focused upon whether the substandard dwelling was occupied in rendering its judgment and did not make any findings or conclusions regarding the penalty, we remand this matter to the trial court for a hearing to determine whether the penalty was properly imposed against Ms. King.

Reversed and remanded.

Judges McCULLOUGH and ELMORE concur.